Parrott, J.
The court finds:
1. That the plaintiff issued certificate No. 715 to John C. Bleher, July 23, 1878, and in said certificate his beneficiaries, are designated by the words ‘ ‘ legal representatives. ’ ’
2. That at the time said certificate was issued the association was limited, by statute, to the issuance of such certificates to “the families and heirs” of its deceased members, and under this section of the statutes the Supreme Court of Ohio held that any designation of beneficiaries outside of the “family and heirs” of the deceased members was against public policy and void (State v. S. L. A., 38 Ohio State, 281).
3. That March 31, 1891, the section of the statute governing and determining who should be beneficiaries in such certificates at the time of issuance of certificate No. 715 to John C. Bleher was amended, authorizing the plaintiff, upon accepting the provisions of said amended act, to name as beneficiaries in its certificates the families, heirs, executors, administrators or assigns of its deceased members, as such member might direct.
4. That in 1893 the plaintiff association accepted the provisions of said amended act and amended its by-laws to conform therewith, and at the same time provided that those then holding certificates could change the beneficiaries named in the certificates by filing a petition therefor and complying with the requirements of said by-law.
5. ' That John C. Bleher never made any change in his certificate as originally issued, but continued to pay the assessments on the same to his death, September 1, 1905.
6. That John C. Bleher died, leaving Olga Bleher, his widow, Lillian and Mabel Bleher-, his daughters, and Dorothy and Edith Peterson, granddaughters. ITis widow, Olga Bleher, is the duly appointed administratrix of his estate.
7. The fund of $2,000, due on certificate No. 715, is claimed by the administratrix for the estate of John C. Bleher and by the widow, children and grandchildren of the. deceased as inuring to their benefit only.
The court finds upon the legal questions involved:
Thornton M. Hinkle, for the association.
Davis c& Davis and E. K. Parr oil, for various defendants.
1. That the words “legal representatives,” as used in certificate No. 715, roust be construed in relation to the statute as it then existed, governing such certificates, and that under such statutes and the decisions of the courts, the beneficiaries of the certificate of John C. Bleher, No. 715, were at least up to the amendment of the act of 1891 the “family and heirs” of decedent, and were so understood by him and the association.
2. If so, did the acceptance of the provisions of the amended act in 1893, by the association, without any act on the part of John C. Bleher, in and of itself, change the relation of' John C. Bleher to the association, and without any act on his part, other than the payment of his assessments, change the then existing beneficiaries from “his family and heirs” to his administratrix as the representative of his estate? I think not.
3. Without entering into further discussion of the legal phases of this ease I am of the opinion that the fund due on certificate No. 715 inures to the benefit of his widow and children, and not to his administratrix.
4. The court further finds that said fund should be distributed to the beneficiaries, as follows, to-wit:
(a) To Olga Bleher, the widow, one-half of the first four hundred, and in addition one-third of the balance of said fund.
(5) To Lillian Bleher and Mabel Bleher, each, the one-third part of said fund, after deducting the amount herein distributed to Olga Bleher.
.(c) The balance of said fund, to be divided equally, share and share alike, between Dorothy Peterson and Edith Peterson.
Judgment will be rendered accordingly.